UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES MURRAY,

                         Plaintiff,

       v.

TODD QUEENO, et al.,

                         Defendants.
_____

DECISION & ORDER

17-CV-6279CJS

On October 23, 2017, *pro se* plaintiff James Murray ("Murray") filed an Amended Complaint against the defendants pursuant to 42 U.S.C. § 1983 alleging constitutional violations in connection with his incarceration at Wende Correctional Facility and defendants' refusal to permit him to register his religion as Native American. (Docket # 8). United States District Judge Charles J. Siragusa reviewed Murray's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (Docket # 9). By Order dated December 28, 2017, Judge Siragusa found that Murray had sufficiently alleged a failure to protect claim against defendant Todd Queeno, and First Amendment, Religious Land Use and Institutionalized Persons Act ("RLUIPA") and Equal Protection claims against defendants Anthony Annucci, Jeff McKoy, and Cheryl Morris, concerning the alleged refusal to permit Murray to register his religion as Native American. (*Id.* at 4).

Currently pending before this Court is Murray's second motion for the appointment of counsel. (Docket # 33). Murray requests assistance of counsel because, according to his motion papers, he does not have access to legal materials in the facility in which he is currently incarcerated, Saratoga County Correctional Facility, and the computers to which

he has access for one-hour per day do not have the internet. (*Id.* at 1). Murray also states that he suffers from post-traumatic stress disorder ("PTSD"), depression, and anxiety, and is taking medication for those conditions. (*Id.*). Furthermore, he asserts that "there [is] no way" he can communicate with potential witnesses and obtain necessary discovery to pursue his claims. (*Id.*).

## Motion for Appointment of Counsel

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. Judge Siragusa's decision demonstrates that Murray has at least "set forth sufficient allegations to warrant service" of his failure to protect, First Amendment, RLUIPA, and Equal Protection claims. (Docket # 9 at 4). Still, however, this Court is not in a position to determine his likelihood of success on those claims. Although this case has been pending for some time, it is still at a relatively early procedural stage, as the final defendant, Todd Queeno, only recently answered Murray's Amended Complaint. (Docket # 38). *See Langer v. Astro Auto. Inc.*, 2012 WL 13020092, *3 (D. Conn. 2012) (denying appointment of counsel where, *inter alia*, the court was "not in a position to determine whether plaintiff's [c]omplaint possess[ed] likely merit" because "defendant ha[d] just answered the [c]omplaint").

Moreover, although Murray may face some challenges in investigating facts and pursuing discovery related to his claims because he is incarcerated, there is no specific evidence of any unsuccessful efforts. Also, to accommodate Murray's circumstances, which include representing himself in a criminal matter, this Court granted a three-month extension of the deadlines contained in the November 6, 2018 Scheduling Order. (Docket # 39).

Furthermore, this Court finds no "special reasons" why appointment of counsel would increase the likelihood of a just determination of the case at this stage. At the April 23, 2019 status conference with the parties, this Court specifically inquired about Murray's access to legal materials at the Saratoga County Correctional Facility. Defense counsel indicated that he had contacted a lieutenant at the facility, who confirmed that Murray has access to a computerized legal database, and that Murray can access that database for a longer period of time than the one-hour per day period he claims in the current motion. During the status conference, Murray also agreed that he has access to this legal database. This information weighs against appointment of counsel.

In addition, while Murray states that he is "on mental health medication for PTSD, depression, [and] anxiety" and is not "getting therapy" (Docket # 33 at 1), he has not explained how these conditions would impede his ability to continue this action. Murray's assertion that he is taking mental health medication for a variety of serious mental health conditions, standing alone, does not warrant appointment of counsel. *See Perez v. Cty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental

health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues").

On this record, Murray's request for the appointment of counsel **(Docket # 33)** is **DENIED without prejudice** at this time. It is Murray's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED**.

                                                *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
       April 24, 2019